

NUMBER 13-14-00618-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

In the Interest of C.M.R., Minor Child

On Appeal from the County Court at Law No. 5
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion Per Curiam**

Appellant, father of C.M.R, attemped to perfect an appeal from an order granting a petition to intervene for conservatorship, in cause no. 2014-FAM-60148-5. Upon review of the documents before the Court, it appeared that there was no final, appealable judgment. On October 24, 2014, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of the notice, the appeal would be dismissed for want of

jurisdiction. Appellant responded by filing an order signed by the trial court on November 12, 2014, denying appellant's motion to dismiss intervenor's petition in intervention for conservatorship.

In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that a judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court). We cannot find any statutory authority that allows a party to appeal from an interlocutory order that grants a petition for intervention or denies a motion to dismiss a petition in intervention.

The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See* Tex. R. App. P. 42.3(a).

PER CURIAM

Delivered and filed the 25th
day of November, 2014.

2